In the Matter of LINDA ——————, a Minor, Pro Ami., Appellant.

No. 23429.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962

Motion for Rehearing as to Transfer to Supreme Court Denied Dec. 7, 1962.

J. Arnot Hill, Kansas City, for appellant.

Eugene P. Donnelly, Kansas City, for Mercedes M. Fichtner, guardian ad litem for Linda ——————.

BROADDUS, Judge.

The mother of Linda —————— has appealed from the ruling made by the Jackson County Juvenile Court in proceedings brought under the Missouri Juvenile Act. The Court, after a full hearing, found that Linda "is a child under the age of seventeen years, and is in need of the care and serv-

ices of the Court, and that the court has jurisdiction over said child under the provisions of Sect 211.031, R.S.Mo.1949, as amended, in that the environment of said Linda —— is injurious to her welfare, in that she is frequently left alone nights as late as midnight."

Pursuant thereto, the Court ordered: "That said Linda —— be and she is committed to State Hospital No. 1, Fulton, Missouri, and that temporary custody of said child be and is placed in the Superintendent of State Hospital No. 1, Fulton, Missouri, until further order of the Court."

Appellant in her brief contends that the Court erred in finding that said minor was a neglected child within the meaning of Section 211.031(1) (c), V.A.M.S., for the reason that there was no substantial evidence that the behavior, environment, or associations of the said minor were injurious to the welfare of others.

We are of the opinion that the action taken by the Juvenile Court was clearly within the spirit and the letter of the Juvenile Act and was for the best interest of the child and the State. The purpose of the Juvenile Act is set out in Section 211.011, V.A.M.S., as follows:

"1. The purpose of sections 211.011 to 211.431 is to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court. Sections 211.011 to 211.431 shall be liberally construed, therefore, to the end that each child coming within the jurisdiction of the juvenile court shall receive such care, guidance and control, preferably in his own home, as will conduce to the child's welfare and the best interests of the state and that when such child is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to that which should have been given him by them."

The one truth of paramount importance which emerges from the maze of testimony and evidence in this case is that Linda is mentally disturbed and needs help. If she were a normal child, her case could be reviewed in an altogether different light. But in her mental condition, as plainly reflected in her actions and the reports of Dr. Lytton and Dr. Preston, her environment was injurious to her welfare within the meaning of Section 211.031 of the Juvenile Act. The Juvenile Judge would have been remiss in the performance of his duties if he had failed to see that Linda received the care and treatment she required.

The point that appellant makes in her brief that the Juvenile Court lacked jurisdiction because it was not firmly established that Linda was "frequently left alone nights as late as midnight", as alleged in the petition of the Juvenile Officer, is without merit. The transcript contains substantial evidence showing that Linda was left alone many nights until late hours. But the important thing is that Linda is a mentally ill child, and to leave her in the surroundings in which she was being raised would have been clearly injurious to her welfare.

Appellant's brief admits that "It is understandable that the Juvenile Court acted in accordance with its belief as to what was best for the child"; but goes on to argue that she had not been aware that Linda had a mental condition and that the child's mental illness is her problem, not the Court's. She contends that the decision on treatment "should be hers to make". We are of the view that had it not been for the intervention of the Juvenile Court in this case, Linda would not have received care and treatment for her condition. The testimony of Violet Mahan, appellant's own sister, is very significant. Miss Mahan is a registered nurse, a graduate of Research Hospital in Kansas City. She said:

"I have the utmost respect for psychiatry of the present day and

utterly respect the reports of the psychiatric examination here, and of Doctor Lytton, and what I have been told the evaluation of the overall aspects of the case from Menninger's was. And in view of this I feel that for Linda's future welfare and stability that it is most advisable that she should go to Fulton for further examination, as necessary, and treatment, and to get away from the home environment, which, perhaps, has contributed to it."

The judgment should be affirmed. It is so ordered.

All concur.